UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:17-cr-316-T-23JSS
     8:18-cv-521-T-23JSS

CECILIO CUERO PAYAN
_____/

**O R D E R**

Payan moves under 28 U.S.C. § 2255 to vacate and challenges the validity of his federal conviction for conspiracy to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, for which offense he is imprisoned for 108 months. Both the conviction and the sentence are in accord with his plea agreement. Among other claims,[1] Payan alleges that trial counsel rendered ineffective assistance by not appealing, specifically, by not following his directive to appeal.

To prove his claim of ineffective assistance of counsel, Payan must meet the test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which test *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998), explains as follows:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel"

---

[1] As suggested in *McIver v. United States*, 307 F.3d 1327, 1331, n.2 (11th Cir. 2002), whether Payan is entitled to a delayed appeal warrants resolution before resolving Payan's other claims. As explained at the end of this order, a delayed appeal preserves Payan's other claims for possible review in a future Section 2255 motion.

guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Strickland* governs a claim that counsel was ineffective for not appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000); *Thompson v. United States*, 481 F.3d 1297 (2007). Payan's pleading guilty based on a plea agreement, under which he waived his right to appeal, does not foreclose his raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to appeal. *Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir. 2005).

In Ground I Payan alleges that he "requested" his attorney to appeal because he did not receive a "mitigating role adjustment" in the computation of his offense level. The United States counters with an affidavit from Payne's former defense counsel, who attests that immediately after sentencing counsel discussed with Payan the advantages and disadvantages of appealing and that Payan "told me that he did not want to appeal." (Doc. 4-1 at 2) In his reply (Doc. 5 at 5) Payan concurs that counsel talked about appealing but disputes counsel's representation that Payan did not want to appeal:

> Mr. Payan, swear under penalty of perjury, 28 U.S.C. § 1746, that him and his Attorney talk about the appeal process, but his Attorney informed him, that he was a lucky, because he only got a 108 months,[2] and could be worse, that there was no[t] much, to appeal, Mr. Payan still requested to file an appeal, why the Court denied him his Minor Role, 3B1.2 and Minimal Participant under 3B1.2(a). Attorney walk-away and that was the end of the conversation, which only lasted about five minutes.

---

[2] Payan avoided the statutory mandatory minimum because the district court granted the United States' motion for a departure under Section 5K1.1, United States Sentencing Guidelines.

As a consequence, Payan's allegation and his former counsel's representation are in direct conflict about whether Payan directed counsel to appeal. Under these circumstances an evidentiary hearing is necessary. *See Patel v. United States*, 252 F. App'x 970, 974 (2007) (remanding to the district court "to conduct an evidentiary hearing into . . . whether Patel, in fact, requested counsel to file a direct appeal sufficient to trigger the *per se* duty to appeal set forth in *Flores–Ortega*" because "[i]n his § 2255 motion and accompanying memorandum, Patel asserted that he specifically requested his attorney to file an appeal of his sentence and conviction, but noted that counsel failed to do so and did not provide any reasons for ignoring his request"), *cert. denied*, 553 U.S. (2008).

To conduct an evidentiary hearing, an incarcerated defendant must be brought to a hearing at considerable expense to the United States Marshal,[3] to the United States Attorney, either to the Federal Defender or to private counsel appointed under the Criminal Justice Act, and to the judiciary. As a consequence, the interest of judicial economy is best served by granting the motion but only to the extent that Payan will have an out-of-time appeal with the assistance of appointed counsel in accord with *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the

---

[3] Payan is imprisoned in the D. Ray James Federal Correctional Institution in Folkston, Georgia.

- 3 -

> defendant should be advised of all the rights associated with an
> appeal from any criminal sentence; and (4) the defendant should
> also be advised that the time for filing a notice of appeal from that
> re-imposed sentence is . . . dictated by Rule 4(b)(1)(A)(I).

The circuit court approves the granting of a motion to vacate without an evidentiary hearing if the district court follows *Phillips*. "A defendant does not have a right to a new sentence hearing or a right to be present when resentenced under the *Phillips* procedure." *United States v. Robinson*, 648 F. App'x 823 (11th Cir. 2016)[4] (citing *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005) (*per curiam*)). Allowing a belated appeal yields to the need for judicial economy (given the present peculiar state of pertinent law) and neither includes nor suggests a determination that trial counsel was ineffective.

The present motion to vacate is granted-in-part and limited to only the claim in Ground I that counsel failed to appeal. Payan's remaining ground is not lost because after his appeal Payan can again move under Section 2255, which motion will not be barred as second or successive under Section 2255(h), as *McIver v. United States*, 307 F.3d at 1332, explains:

> [W]e hold that "an order granting a § 2255 petition, and
> reimposing sentence, resets to zero the counter of collateral attacks
> pursued." *Shepeck [v. United States]*, 150 F.3d [800,] 801 [7th Cir.
> 1998)]. A successful motion to file an out-of-time notice of appeal
> therefore does not render subsequent collateral proceedings
> "second or successive."

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36–2.

*See also United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) ("[T]he 'best approach' is for the district court to dismiss the collateral claims without prejudice if it grants an out-of-time appeal because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'") (quoting *McIver*, 307 F.3d at 1332 n.2) (brackets original).

Accordingly, the motion to vacate (Doc. 1) is **GRANTED** on Ground I, the claim that counsel failed to appeal. The remaining Ground II is **DISMISSED WITHOUT PREJUDICE**. The Clerk must (1) enter a judgment for Payan in the civil action, (2) close the civil case, and (3) docket this order in the criminal action. The United State Magistrate Judge must appoint counsel in the criminal action for the purpose of appealing. After the appointment of counsel, the court will re-impose sentence and enter a new judgment, and the newly appointed counsel must timely appeal. All further proceedings will occur in the criminal action.

ORDERED in Tampa, Florida, on June 4, 2018.

						   _____
						   STEVEN D. MERRYDAY
						   UNITED STATES DISTRICT JUDGE